# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| SHERMAN RAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV311 DDN |
| | ) | |
| SAM SCAZZO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Sherman Raines for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact."

Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

A court may determine that an action or allegation is "malicious" by referring to objective factors such as the circumstances and history surrounding the filing, the tone of the allegations, and whether probative facts vital to the life of the lawsuit have been alleged.  Spencer v. Rhodes, 656 F. Supp. 458, 463 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).  An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right.  Id. at 461-63.  When determining whether an action is malicious, the Court need not look only to the complaint before it, but may also look to plaintiff's prior litigious conduct.  Cochran v. Morris, 73 F.3d 1310, 1316 (4th Cir. 1996).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## The Complaint

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. Plaintiff has listed 109 persons as defendants, including the Governor of Missouri, the Chief of the St. Louis Metropolitan Police Department, several police officers, several employees of the Clerk's Office for the Circuit Court for the City of St. Louis, several Circuit Court judges, several correctional officers who work at the St. Louis "Workhouse," several employees of the St. Louis City Justice Center, several Salvation Army employees, and the owner of a hotel from which he was evicted. Plaintiff seeks $100 million in money damages.

Compared to the list of defendants, the body of the complaint is quite short and names only three individuals: Sam Scazzo (owner, Lincoln Hotel), Charles Head (employee, Lincoln Hotel), and Janet McKern (police officer, City of St. Louis Metropolitan Police Department).

In the complaint and supporting documents, plaintiff alleges that prior to February 25, 2007, plaintiff had been a temporary employee of the Lincoln Hotel, employed for one day only. Plaintiff alleges that he told Scazzo that he was going to file an EEOC charge against Scazzo citing unlawful employment discrimination. Plaintiff alleges that Scazzo retaliated against him by evicting him from his room at

Lincoln Hotel. Plaintiff further alleges that defendant Head assaulted him because of his remark about filing an EEOC charge.

Plaintiff claims defendant McKern was called to Lincoln Hotel twice, the first time when plaintiff was allegedly assaulted and the second time when plaintiff was evicted the following day. Plaintiff alleges that McKern charged him with disturbing the peace and called an ambulance for him.

## Discussion

Plaintiff argues that Scazzo retaliated against him, in violation of Title VII, when he evicted him and ordered Head to assault him. Under McDonnell Douglas,[1] plaintiff bears the burden of establishing a prima facie case of retaliation. E.g., Brannum v. Missouri Department of Corrections, __ F.3d __, 2008 WL 553214 at *3 (8th Cir. Mar. 3, 2008). "To do so, [plaintiff] must show that [he] engaged in statutorily protected activity, [he] suffered an adverse employment action, and there is a causal connection between her involvement in the protected activity and the adverse employment action that [he] suffered." Id. In this case, plaintiff has failed to allege that he suffered an adverse employment action. Plaintiff alleges that he was previously employed by Scazzo for one day only and that he was not employed by Scazzo when the alleged assault occurred. And neither the alleged eviction nor the alleged assault constitute an

---

[1]McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).

"employment action" for the purposes of Title VII. As a result, plaintiff has failed to state a prima facie case of retaliation under Title VII.

To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of right of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). Plaintiff's allegations against McKern fail to state a prima facie case under § 1983 because the allegations do not rise to the level of a constitutional violation. As a result, the complaint will be dismissed under 28 U.S.C. § 1915(e).

Additionally, the circumstances and history surrounding the filing of this lawsuit suggest that it has been filed for an improper purpose. Plaintiff's attempt to bring 106 persons into this meritless lawsuit suggests that he has brought this suit for the purpose of harassing those defendants rather than vindicating a cognizable right. And plaintiff has an extensive history of filing frivolous and malicious suits in this Court. E.g., Raines v. Woodward, 4:06CV618 JCH (E.D. Mo.); Raines v. Martin, 4:05CV929 MLM (E.D. Mo.). As a result, the Court concludes that this action is malicious under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed as such. Spencer, 656 F. Supp. at 463. Because the action is malicious, the dismissal will be with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is both frivolous and malicious.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED** as moot.

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

Dated this  10th  day of March, 2008.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE